**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:20-cr-0377 |
| | ) | |
| vs. | ) | |
| | ) | Judge Robert J. Colville |
| | ) | |
| PATRICK RIZZO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER OF COURT**

Before the Court is the Motion to Revoke Pretrial Detention Order (ECF No. 140) filed by

Defendant Patrick Rizzo ("Defendant").  Defendant requests that this Court review and vacate

Magistrate Judge Lisa Pupo Lenihan's December 14, 2020 Order of Detention Pending Trial (ECF

No. 95) in this matter, and further requests that the Court enter an order releasing Defendant from

pretrial custody subject to any condition or combination of conditions under 18 U.S.C. § 3142(c)

the Court deems appropriate.  Mot. 7, ECF No. 140.  The Government filed a Response in

Opposition (ECF No. 166) to Defendant's Motion on January 28, 2021.  Following consideration

of Defendant's Motion, the relevant briefing, the transcript of the December 14, 2020 detention

hearing before Judge Lenihan (ECF No. 155), all relevant testimony and exhibits introduced during

1

the detention hearing, and the Pretrial Services Report, and for the reasons discussed below, Defendant's Motion will be denied.

## I.    Procedural History

On December 1, 2020, Defendant was charged at Count Three of a three-count Indictment (ECF No. 3) with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1]  ECF No. 3.  On December 3, 2020, a warrant was issued for Defendant's arrest.  ECF No. 16.  On December 4, 2020, a federal search warrant was issued for, inter alia, Defendant's residence.  Resp. 1, ECF No. 166.  The Affidavit in support of that search warrant was admitted as Government Exhibit 1 at the December 14, 2020 detention hearing in this matter. On December 8, 2020, the search warrant was executed.  *Id*.  Defendant was arrested the same day pursuant to the federal arrest warrant.  *Id*.

On December 10, 2020, Defendant was arraigned before Magistrate Judge Maureen P. Kelly, ECF No. 62, and entered a plea of not guilty, ECF No. 64.  The Government filed a Request for Detention (ECF No. 74) on December 11, 2020,[2] and a detention hearing was held before Judge Lenihan on December 14, 2020.  After hearing argument and considering the testimony and

---

[1] More specifically, the Government explains:

> [D]efendant has been charged at Count Three of a three-count Indictment with illegally possessing a firearm – that is, a Black Taurus Judge, .45 caliber, LC/410 – on October 21, 2020.  As noted in the Pretrial Services Report, the [D]efendant was arrested by the Pittsburgh Police Department on October 21, 2020, and originally charged in the Allegheny County Court of Common Pleas as a person not to possess a firearm, carrying a firearm without a license, possession of a controlled substance and possession of marijuana, as well as careless driving.

Resp. in Opp'n 14, ECF No. 166 (citation omitted).  The Pretrial Services Report indicates that, following his arrest on October 21, 2020 by the Pittsburgh Police Department, Defendant posted bail on October 22, 2020.

[2] While the Government's Request asserted that a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community, the Government clarified at the December 14, 2020 detention hearing in this matter that its detention request was: "not predicated upon one of the offenses invoking a presumption of detention; rather, the government is entitled to a detention hearing because, among other things, the defendant is charged with a felony which is not a crime of violence, but which involves the possession or use of a firearm."  Resp. 2 n.1, ECF No. 166.

evidence presented by the parties,[3] as well as consideration of the Pretrial Services Report, Judge

Lenihan made several findings on the record with respect to the criteria and factors set forth at 18

U.S.C. § 3142, December 14, 2020 Tr. 39-42, ECF No. 155, and ultimately entered the December

14, 2020 Order of Detention Pending Trial.  Judge Lenihan held that Defendant must be detained

pending trial because the Government had proven: (1) by clear and convincing evidence that no

condition or combination of conditions of release will reasonably assure the safety of any other

person and the community; and (2) by a preponderance of the evidence that no condition or

combination of conditions of release will reasonably assure Defendant's appearance as required.

Order 2, ECF No. 95.  Judge Lenihan found that the following factors support pretrial detention:

(1) the weight of the evidence against the Defendant is strong; (2) Defendant's prior criminal

history; (3) Defendant's history of violence or use of weapons; (4) Defendant's history of alcohol

or substance abuse; and (5) Defendant's prior failure to appear in court as ordered.  *Id.* at 2-3.

## II.    Legal Standard

With respect to review of a magistrate judge's detention order, 18 U.S.C. § 3145(b)

provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a
> judge of a court having original jurisdiction over the offense and other than a
> Federal appellate court, the person may file, with the court having original
> jurisdiction over the offense, a motion for revocation or amendment of the order.
> The motion shall be determined promptly.

18 U.S.C. § 3145(b).  A district judge exercises de novo review over a detention order entered by

a magistrate judge.  *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985).  "De novo

review does not require an additional evidentiary hearing[,]"and the district court "may make its

---

[3] The Government introduced three exhibits during the December 14, 2020 detention hearing, each of which is attached
to its Response in Opposition.  These exhibits include an Application and Affidavit for Search Warrants (ECF No.
166-1), a collective exhibit of twelve photographs (ECF No. 166-2), and a search warrant return (ECF No. 166-3).

independent determination based solely upon the evidence introduced at the prior hearing." *United States v. Burgess*, No. 2:09-CR-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009) (citations omitted).  A district court may further incorporate the transcript of the hearing before the magistrate judge, including any exhibits admitted therein.  *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994).  The district court "may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings." *Burgess*, No. 2:09-CR-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009) (quoting *United States v. Farris*, 2008 WL 1944131, *7 (W.D. Pa. 2008)).

The Bail Reform Act of 1984 provides that a judicial officer must order the pretrial release of a defendant on personal recognizance, or upon execution of an unsecured appearance bond, unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.  18 U.S.C. § 3142(b).  If, following a hearing, the judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  18 U.S.C. § 3142(e)(1).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, a judicial officer must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—

>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Government is authorized to move for a detention hearing in a case that involves a felony that is not otherwise a crime of violence that involves the possession or use of a firearm. 18 U.S.C. § 3142(f)(1)(E). The Government's burden in establishing risk of flight is preponderance of the evidence. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). Where danger to the community is at issue, the Government must prove that no condition or combination of conditions will reasonably assure the safety of any other person and the community by clear and convincing evidence. *Himler*, 797 F.2d at 160-61.

## III. Analysis

Defendant argues that, in light of the conditions proffered by Defendant at the December 14, 2020 detention hearing, the Government failed to prove by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. Mot. ¶ 27, ECF No. 140. Defendant further argues that the Government failed to carry its burden of proving, by a preponderance of the evidence, that no condition or combination of conditions would reasonably assure Defendant's appearance at future court proceedings. *Id.* at ¶ 28. As noted above, the Court must consider the record evidence and balance the factors set forth at 18 U.S.C.

§ 3142(g) in determining whether there are conditions of release that will reasonably assure the

appearance of Defendant as required and the safety of any other person and the community.

### A.  Nature and Circumstances of the Offense Charged

Defendant has been charged with one count of possession of a firearm by a convicted felon

in violation of 18 U.S.C. § 922(g)(1).  18 U.S.C. § 3142(g)(1) requires the Court to consider "the

nature and circumstances of the offense charged," and expressly requires the Court to consider

whether the charged offense involved a firearm.  18 U.S.C. § 3142(g)(1).  Defendant is charged

with possession of a firearm on October 21, 2020 despite a prior felony conviction which renders

him ineligible to possess such a weapon.  The Court finds that this charge is clearly serious in

nature.  Further, as explained by Judge Lenihan during the detention hearing in this matter, in the

present case:

> [T]he nature and circumstances go a little bit beyond that.  The evidence presented shows two firearms and quite a significant amount of ammunition in [Defendant's] residence and control.
>
> In addition, he has been named as part of a conspiracy indictment, a multi-count indictment, alleging conspiracy on the part of members of the Pagan's Motorcycle Club to sell drugs, including cocaine and methamphetamines.
>
> In addition, the search of [Defendant's] residence showed, I think, a large amount of marijuana, five pounds, plus a significant amount of a white substance, the testimony was, that appeared to be illegal drugs, which could clearly have been cocaine in addition to a bag of empty gel caps, which could be consistent with methamphetamine distribution; and, again, all of this in his home.

December 14, 2020 Tr. 40:5-20, ECF No. 155.  Under 18 U.S.C. § 3142(g)(1), the Court must

look to both the charged offense and the circumstances surrounding that offense.  *See United States*

*v. Abdullahu*, 488 F. Supp. 2d 433, 439 (D.N.J. 2007) ("By directing a [c]ourt to examine the

'nature and circumstances' of the charge rather than just the charge itself, Congress intended for

courts to examine a defendant's actions in the context of all relevant background evidence.").  In

light of the above, the Court finds that the nature and circumstances of the offense charged in this case, specifically possession of a firearm by a convicted felon, weigh in favor of pretrial detention.

### B.  Weight of the Evidence

The weight of the evidence is strong, as reflected by the grand jury's return of the Indictment in this case which establishes probable cause that the offense occurred.  *See United States v. Araiza-Vega*, No. CR 20-218, 2020 WL 6546136, at *6 (W.D. Pa. Nov. 6, 2020).  "The United States Criminal Code makes it 'unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm.'"  *Small v. United States*, 544 U.S. 385, 387 (2005) (quoting 18 U.S.C. § 922(g)(1) (emphasis omitted)).  As set forth in the Pretrial Services Report, Defendant was arrested by the Pittsburgh Police Department on October 21, 2020.  Further, the Indictment indicates that the firearm which Defendant allegedly illegally possessed on October 21, 2020, specifically identified at Count III of the Indictment as one (1) Black Taurus Judge .45 LC/410 bearing serial number LY499582, in violation of 18 U.S.C. § 922(g)(1) was seized on October 21, 2020.  ECF No. 3 at 6.  The Pretrial Services Report also indicates that Defendant has previously been convicted of a felony.  Accordingly, while recognizing that Defendant is presumed innocent of the charged offense, the Court finds that the weight of the evidence against Defendant is strong and weighs in favor of pretrial detention in this matter.

### C.  History and Characteristics of the Person

The Court agrees with Judge Lenihan's analysis respecting this factor, and further agrees that it weighs in favor of pretrial detention in this matter.  Defendant has resided in the Western District for most of his life, has family in the area, and is in fair health.  The Pretrial Services Report indicates, however, that Defendant has a history of illegal drug use, including heroin,

cocaine, and cannabinoid use as recently as the week of his arrest.  Defendant's criminal history includes two drug offense convictions, as well as two summary disorderly conduct offenses.  The Pretrial Services Report indicates that several bench warrants have been issued with respect to Defendant, and further indicates, most pertinently, that two separate bench warrants were issued in 2016 and 2017 due to Defendant's failure to appear in a case involving misdemeanor drug offenses.  The Court finds that the totality of Defendant's history and characteristics indicate that Defendant's release poses a legitimate risk of nonappearance and a danger to the community, and thus finds that this factor weighs in favor of pretrial detention.

### D.  Nature and Seriousness of the Danger to Any Person or the Community

The evidence before the Court clearly supports a finding that Defendant's release poses a serious and substantial danger to the community, and this factor weighs heavily in favor of pretrial detention.  At the detention hearing in this matter, the Government introduced the testimony of FBI Special Agent Caleb Williamson ("SA Williamson") as to his involvement in the execution of the search warrant at Defendant's residence on December 8, 2020.  *See* December 14, 2020 Tr. 4:4-9, ECF No. 155.  Items that were seized during this search included: (1) one Smith & Wesson 1911 handgun; (2) one Smith & Wesson SD9VE handgun; (3) three 9 mm magazines; (4) 148 rounds of 9 mm ammunition; (5) one magazine for the SD9VE; and (6) 17 rounds of 9 mm ammunition from the SD9VE.  *Id.* at 18:20-19:8; Search Warrant Return, ECF No. 166-3.  SA Williamson testified that officers found one of the handguns on a bed located inside the bedroom of Defendant's one-bedroom apartment, December 14, 2020 Tr. 8:12-20, ECF No. 155, and further testified that this handgun had a full magazine and a round in the chamber, *id.* at 10:22-11:11.

The law enforcement officers executing the search warrant also seized a denim vest, or "cut," which bears Defendant's last name handwritten on the inside collar and which bears Pagan's

Motorcycle Club patches and a patch stating: "VIOLENCE SOLVES EVERYTHING."  *Id.* at

13:21-14:16; Search Warrant Return, ECF No. 166-3; ECF No. 166-2 at 10-11.  SA Williamson

also identified a photograph within the residence that showed two individuals wearing "cuts" and

which displayed a hand drawn arrow pointing to an unidentified individual in the photograph and

the handwritten words: "RAT, kill on sight."  December 14, 2020 Tr. 17:3-22, ECF No. 155; ECF

No. 166-2 at 12.

In summary, at the time the search warrant was executed, Defendant's residence contained

two firearms, one of which was notably accessible and loaded with a round in the chamber, and a

substantial amount of ammunition despite the fact that Defendant was on pretrial release in a case

involving his arrest for alleged illegal possession of a firearm.  A denim vest bearing Defendant's

last name, and which prominently features a patch which states: "VIOLENCE SOLVES

EVERYTHING," was also seized during the search.  SA Williamson testified as to a photograph

which was also found at the residence which displays two individuals, with one of those individuals

being labeled as a "RAT" and a directive to "kill on sight."  The above-identified evidence, when

considered in its totality, indicates that Defendant has the ability and desire to acquire and possess

firearms and significant amounts of ammunition, and that Defendant poses a risk of violence to

the community.  In light of the above, the Court finds that the nature and seriousness of the danger

to any person or the community that would be posed by the person's release weighs heavily in

favor or pretrial detention.

**IV.    Conclusion and Order of Court**

For the reasons discussed above, following an independent examination of the evidence of

record and balancing of the four factors set forth in 18 U.S.C. § 3142(g), the Court finds that the

Government has proven by clear and convincing evidence that no condition or combination of

conditions will reasonably assure the safety of any other person and the community.  The Court

further finds that the Government has met its burden of establishing, by a preponderance of the

evidence, that no condition or combination of conditions will reasonably assure the appearance of

Defendant as required.  Accordingly, it is hereby ORDERED that Defendant's Motion to Revoke

Pretrial Detention Order (ECF No. 140) is denied.  Defendant shall remain detained pending trial.


                                        BY THE COURT:


                                        s/*Robert J. Colville*_____
                                        Robert J. Colville
                                        United States District Judge

DATED: February 5, 2021

cc/ecf: All counsel of record